### FREEMAN MANUEL v. THE STATE.

No. 3282,    Decided October 18, 1905.

**Burglary—Materiality of Testimony—Continuance.**

Where on a trial for burglary defendant's witness was duly subpœnaed and at a former term was in attendance and instructed to return under the same summons at the next term of the court, when he did not appear, and it was found that he was residing in the adjoining county and there was nothing in the record showing that defendant was cognizant of this fact, but was led to believe from the return of the officer of said adjoining county, that the witness lived in the county of the trial, and that defendant could have shown by the testimony of said witness that defendant did not enter the alleged burglarized house, and that this was at the very time that the State's witness claimed defendant entered and burglarized said house, a continuance should have been granted; especially where said State's witness had been impeached by other witnesses.

Appeal from the District Court of Burleson. Tried below before Hon. Ed. R. Sinks.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McIver & Bowers,* for appellant.—White's Code of Crim. Proc., art. 1597; McAdams v. State, 24 Texas Crim. App., 86; 5 S. W. Rep., 826; Blackburn v. State, 87 S. W. Rep., 692.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary. The only question we deem necessary to pass upon is the failure of the court to grant appellant a continuance for want of the testimony of his brother, Lige Manuel. The substance of the application shows that said witness had been summoned by the sheriff of Burleson County, and had attended the court at a former term, when this cause was continued, at which term all of the witnesses were discharged with the statement by the judge that they would obey the old subpœnas and return without further service or summons, and the case would be tried at the next term of the court. The facts show, however, that the witness Lige Manuel lived on a farm, partly in Burleson and partly in Lee County. There is nothing in the record showing that appellant was cognizant of the fact that witness lived in Lee County. We take it he had a right to believe that he lived in Burleson County, in view of the fact that the Burleson County sheriff had summoned him and he had attended a former term of the court in answer to said summons. We also find subpœnas in the record, with the statement from the sheriff of Lee County, that the witness lived in Burleson County. It appears from the record that defendant and Cliff Douglass were passing the house of the prosecuting witness, Will Casey, and according to Douglass' testimony, appellant broke a window in the kitchen, entered therein, secured something to eat and came out the window again. Appellant testified that Douglass entered the house; and that he did not do so, nor have anything to do with it, but merely witnessed it. He proposed to prove by his brother, Lige Manuel, that as appellant and witness Cliff Douglass were passing Casey's house, he was in full view of them, and that defendant neither in coming nor going entered said house, nor did he leave the road; that he was in plain view of the defendant all the time, and that he did not break into said house; and that this was the time that the State's witness Douglass claims defendant broke and entered and burglarized said house. It is true that the district attorney files a controverting motion to this application for continuance, based in the main upon the testimony of the prosecuting witness, Douglass. But we do not think that the court should have

refused said continuance. It seems that prosecuting witness Douglass was impeached by witnesess both for the State and defendant, and certainly it would not have been amiss to continue for the absent eye-witness, in view of the fact that he says appellant did not break into the house but that prosecuting witness Douglass did. We therefore hold that the court erred in refusing to grant the application for continuance.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*