### SAM FERGUSON v. THE STATE.

#### No. 1788.    Decided May 22, 1912.

**1.—Theft—Variance.**

Where the indictment charged the theft of a check endorsed by Charles Perkins and delivered by him to E. P. Boles and the proof showed that the check was endorsed by W. D. Killin, the variance was fatal.

**2.—Same—Rule Stated—Description.**

Having alleged the theft of a particular check, describing it in detail, the proof must sustain the theft of the check as alleged and described in the indictment, although such minute description was unnecessary.

Appeal from the District Court of Shelby.    Tried below before the Hon. W. C. Buford.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—On question of variance: Coleman v. State, 21 Texas Crim. Rep., 520; Poston v. State, 58 Texas Crim. Rep., 583, 126 S. W. Rep., 1148; Robinson v. State, 60 Texas Crim. Rep., 353, 592, 132 S. W. Rep., 944.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with theft of property of the value of over fifty dollars, and his punishment assessed at two years confinement in the penitentiary.

As we view this case we do not deem it necessary to pass upon but one question. The indictment alleged the theft of a check endorsed by Chas. Perkins and delivered by Perkins to E. P. Boles. The proof developed was the theft of a check endorsed by W. D. Killin and by Killin delivered to Boles. Appellant objected to the introduction of the testimony on the ground of variance in the allegations and the proof, reserving a bill of exceptions. He also filed a motion in arrest of judgment, and reserved a bill of exceptions to

the action of the court in overruling the motion, and complains of the action of the court in these respects in his motion for a new trial.

The evidence doubtless shows beyond peradventure of a doubt the theft of the check, but could evidence of a check endorsed by Killin and by him delivered to Boles be held to be proof of a check alleged to have been endorsed by Perkins and by him delivered to Boles? It may be said that it was proven that defendant had stolen a check, but what check? And it may be further said that in pleading the case the pleader made a more minute description of the property than was absolutely essential to the validity of the indictment, but having alleged the theft of a particular check, describing it in detail, the proof must sustain the theft of the check alleged and as described in the indictment. On account of the error in admitting this check in evidence the judgment will be reversed and the cause remanded.

*Reversed and remanded.*