### JOHN CHENAULT v. THE STATE.

No. 4795.    Decided February 27, 1918.

**1.—Burglary—Newly Discovered Evidence—Accomplice.**

Where, upon motion for new trial, the affidavits attached thereto showed that the testimony of the accomplice, which was supported only by weak corroboration, had been contradicted by the accomplice himself in his statements to the witnesses, which were not controverted, and showed that the accomplice (who had since pleaded guilty to other felonies), and not the accused committed the offense, a new trial should have been granted. Following Harrison v. State, 47 Texas Crim. Rep., 393, and other cases.

**2.—Same—Declarations of Third Parties—Rule Stated—Identity of Defendant.**

Where the identity of the offender is in doubt, the declarations of third parties that they committed the offense are admissible in evidence.

Appeal from the District Court of Wise. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ratliff & Spencer*, for appellant.—On question of newly discovered

evidence: Taylor v. State, 49 S. W. Rep., 388; Piper v. State, 57 Texas Crim. Rep., 605, 124 S. W. Rep., 661.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of burglary. The evidence shows that the smokehouse of Mrs. Annie McCright was burglarized and certain meat stolen, John Hayes confessed that he committed the crime, and testified that his co-principals were appellant and one Jackson. The corroboration relied upon was the testimony of a witness by the name of Stevens to a conversation of the latter with appellant in which he confessed that he was connected with the offense. Both the witness Hayes and the witness Stevens admitted in their cross-examination that they were under indictment for a number of felonies, and also Hayes admitted the commission of other offenses involving moral turpitude. Each testified that he had no promise of immunity but that he was encouraged to entertain hope of leniency from his conversation with the prosecuting officers.

In connection with the motion for new trial it was shown that since the giving of his testimony the witness Stevens had pleaded guilty to eight cases of burglary and the witness Hayes to nine cases of burglary; that the punishment assessed against Stevens in each case was five years confinement in the penitentiary, and that against Hayes in each case was two years confinement in the penitentiary; and that the sentences of each of them had been suspended in all said cases. Just how this was accomplished was not explained and not easy to divine, inasmuch as the suspended sentence law contemplates that when one is convicted of a felony that he shall not in another case have the benefit of a suspended sentence. In connection with the motion for new trial appellant produced affidavits of three witnesses upon whom he relied as furnishing newly discovered evidence entitling him to a new trial. One of these witnesses testified that some time before the trial of appellant the witness Hayes had, in conversation with him, stated that he and a party by the name of Chastian had stolen the widow McCright's meat and that no one but himself and Chastian were connected with it. This witness stated that he did not disclose these facts until after the conviction of the appellant, Chenault, and his co-defendant Jackson, and indicated that he then disclosed it because of his surprise that they were charged and convicted of the offense which Hayes had told him had been committed by him and Chastian.

Substantially the same testimony was given by two other witnesses whose affidavits were produced and used in the hearing of the motion for new trial. There is nothing to throw suspicion upon the testimony of these witnesses, and in fact, the truth of their statements is not controverted  Nor is there anything in the record to suggest the lack of diligence in securing this testimony. It is newly discovered and while

it would be usable to impeach the witness Hayes, it does not acquire its materiality solely as impeaching testimony. It comes within the principle which influenced the decision in Piper v. State, 57 Texas Crim. Rep., 605, 124 S. W. Rep., 661; and is directly in line with the case of Taylor v. State, 49 S. W. Rep., 388, where the ruling was that where the reliance was upon the testimony of a confessed accomplice supported by weak corroboration, that newly discovered evidence of contradictory statements material to the case and made by an accomplice would require a reversal.

The appellant denied any connection with the offense. In a case where the identity of the offender is in issue or the connection of the accused with the offense is controverted it is generally admissible to introduce evidence of the acts and declarations of third parties which tend to show that they and not the accused committed the offense. Under this rule the confession of another has been held admissible. Harrison v. State, 47 Texas Crim. Rep., 393. Other cases in point are Jemison v. State, 43 Texas Crim. Rep., 456; Manuel v. State, 48 Texas Crim. Rep., 542; Silvas v. State, 71 Texas Crim. Rep., 213, 159 S. W. Rep., 223; Pace v. State, 61 Texas Crim. Rep., 436. See, also, cases in Branch's Ann. P. C., p. 129.

The appellant, we think, showed himself entitled to a new trial and the court erred in refusing it.

For which reason the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.