### Sam McDowell v. The State.

### No. 8094.   Decided January 9, 1924.

### Rehearing denied February 13, 1924.

#### 1.—Murder—Newly Discovered Evidence—Rule Stated.

To warrant a new trial on the ground of newly discovered evidence it is incumbent on the defendant to satisfy the court that such evidence has come to his knowledge since the trial; that it was not known before then; that no reasonable diligence could have secured it at the trial; that it is competent, material to the issue and probably true; that it is not merely cumulative, collateral, or to impeach a witness; and that it probably would

change the result upon another trial, and where in the instant case these requisites were not shown the overruling of the motion presents no reversible error.

### 2.—Same—Rehearing—Newly Discovered Evidence.

Where appellant in his motion for new trial urgently insisted that this court erred in sustaining the action of the lower court in refusing a new trial because of newly discovered evidence, this court after again considering the record is unable to come to any different conclusion and the motion for rehearing must be overruled.   Distinguishing Chenault v. State, 201 S. W. Rep., 657.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Currie McCutcheon,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of the offense of murder, and his punishment fixed at ten years in the penitentiary.

There is but one contention made on behalf of the appellant on this appeal and that is that he should have been granted a new trial because of newly discovered evidence.   In a general way the authorities sustain the proposition that to warrant a new trial on the ground that newly discovered testimony is presented, it is incumbent on the accused to satisfy the court that such testimony has come to his knowledge since the trial and that it was not known beforehand, and was not such as reasonable diligence could have secured at the trial; same must be competent, material to the issue and probably true, going to the merits and not merely cumulative, collateral or to impeach a witness; and it must also appear reasonably probable that it would change the result upon another trial.   Burton v. State, 9 Texas Crim. App., 605; White v. State, 10 Texas Crim. App., 167; Fisher v. State, 30 Texas Crim. App., 509; Price v. State, 36 Texas Crim. Rep., 403; O'Hara v. State, 57 Texas Crim. Rep., 577; Haley v. State, 59 Texas Crim. Rep., 338.

Appellant attaches to his sworn motion for new trial the affidavits of his sisters, his uncle and three other persons which present the matter relied upon as newly discovered testimony.   There can be no serious contention that as to appellant, his mother or his sisters or uncle that the matter relied upon was newly discovered.   Upon his

96 T. C.—33

trial appellant relied upon an alibi and introduced his mother, sisters and uncle by whom he tried to establish that he was at his mother's home some seven blocks from the scene of the homicide at the time same occurred. We observe from his testimony that he swore as a witness in his own behalf that the first he knew of the killing was when the officers came out to his mother's home and arrested him, at which time he was sitting in his back yard with his mother and sisters. These same witnesses now testify by their affidavits that before the officers got to the house and after the shooting which they claim to have heard, one Herman Moore came through the yard and told appellant that he had got him, and that he been there before that same afternoon telling him that he intended to kill deceased. The fact which they now seem to rely upon as excusing the disclosure of this testimony at the trial is that they were afraid Moore would kill appellant if he then told this, but this can not give to the testimony any standing as being newly discovered. Two of the affidavits attached to appellant's motion are of persons who undertook to swear that they heard Herman Moore admit after the killing, that he was the party who did the killing. Such statements would not be admitted in evidence upon another trial of the accused. Greenwood v. State, 84 Texas Crim. Rep., 548. Such declarations on the part of said affiants would be but hearsay and incompetent. The newly discovered testimony attributed to witnesses Oldridge and Jones would be but cumulative of other testimony heard on the trial of this case. That of Oldridge would easily seem to be that of a witness who could have been procured by the exercise of reasonable diligence, as he says in his affidavit that he was at the house where appellant was on the afternoon before the killing and saw Herman Moore there. The testimony of Jones, as reflected by his affidavit, would be that he was about seventy-five feet south of the point of the shooting and that it was done by a black negro man with a cap on. He said that after the shooting was over the negro ran north. This would be but cumulative of other testimony introduced upon the trial of this case.

We do not think the learned trial judge abused his discretion in refusing the motion for new trial. We do not think it likely to produce a different result upon another trial. The affidavits attributed to appellant and his relatives are contrary to their testimony as given upon this trial, and the other falls within some one or the other of the classes of testimony enumerated in the general proposition above laid down, as not being that character of evidence for which a new trial should be granted.

This record shows that on Sunday night before the homicide on Monday night, appellant and deceased had a difficulty. Deceased struck appellant in the head with a brick knocking him down and caused pain and bloodshed. Appellant thereupon shot at deceased with a pistol. After the affray was over appellant went to a doctor

for treatment and the latter placed a bandage around appellant's head, which bandage was still on it when the officers arrested him after the shooting. Deceased was sitting out in front of a little store a few blocks from where appellant lived with his mother on Monday night. The shooting occurred at night. Directly after the shooting deceased made the statement that he was shot by appellant. A witness who was present at the scene of the shooting said that he saw the party who did the shooting run under a street lamp and that his head was bandaged. Two officers reached the scene within ten or fifteen minutes after the shooting and were told by deceased who shot him. They went at once to the home of appellant's mother and found him there in the back yard and in an excited condition. They asked him what was the matter and he said he had been engaged in a shooting scrape. These officers denied the presence of the uncle and sisters of appellant at said house at the time. It appears altogether unlikely that the introduction of such of the evidence set out in the affidavits as would be competent, would produce a different result upon another trial.

No error appearing, the judgment of the trial court will be affirmed.

*Affirmed.*

## ON REHEARING.

### February 13, 1924.

LATTIMORE, JUDGE.—Appellant ably and urgently insists that we erred in sustaining the action of the lower court in refusing a new trial because of newly discovered evidence. We have gone over the record again but are unable to come to any diffrent conclusion. Appellant, his mother, three sisters and an uncle named Wash Mc-Carty testified as witnesses for him on his trial. Each swore to facts relied on in support of the motion for new trial. Their affidavits as well as their testimony given on the trial have been again carefully examined. The scene of the shooting was a few blocks from appellant's home. It is claimed that shortly after the shooting a negro named Moore ran through appellant's yard and said, "I have got him," meaning that he had killed deceased; also that Moore had been there that afternoon and stated that he was going to kill deceased that night; also that Moore had stated to two of the affiants subsequent to this conviction that he had killed deceased. The affidavits of said witnesses and their testimony as given on the trial present numerous and glaring contradictions, an enumeration of which would add nothing to this opinion. It is manifest that the proposition that Moore and not appellant did the killing was in no sense newly discovered by appellant or his witnesses. If they had disclosed this fact

to appellant's attorney, he would doubtless have taken steps to find out other facts, if such there were, corroborative of that theory. Not only were such steps not taken but appellant swore positively on the trial that he did not know who did the killing, and none of his kinsfolk disclosed what they now say they knew about it. We know of no way in which this can be brought within the rule requiring that the evidence be in fact as well as allegation, newly discovered. How can it be asserted that diligence in discovering and presenting his defense was shown by the accused? He alleges in his motion that he and most of his relatives knew these matters at the time of trial, but were afraid to disclose them because they thought Moore would kill appellant. There is nowhere any allegation that appellant did not know these facts, and none that he had not disclosed them to his attorney. There is no affidavit by appellant's attorney supporting the motion. On page 127 of his Annotated P. C. Mr. Branch cites many cases supporting the following proposition:

"Where it appears that defendant or his counsel knew of the alleged new testimony at or before the trial, or that defendant knew that the proposed new witness was present when the transaction occurred, or where the alleged new testimony is of such a character as that defendant must necessarily have known of its existence prior to the trial, and the trial court in the exercise of its sound discretion has refused a new trial, the judgment will not be reversed to permit him to take advantage of his own negligence and obtain a new trial to get testimony which he should and could have had at the trial."

We are unable to conclude that any of the material or competent evidence was newly discovered.

We note appellant's criticism of our holding that newly discovered evidence consisting of statements by Moore that he killed deceased, would not be admissible. Our views are further expressed in accord with those announced in this instance, in Walsh v. State, 85 Texas Crim. Rep., 208; Sanchez v. State, 90 Texas Crim. Rep., 518; Staton v. State, 93 Texas Crim. Rep., 356, 248 S. W. Rep., 359. The case of Chenault v. State, 83 Texas Crim. Rep., 104, 201 S. W. Rep., 657, is easily distinguished. The only evidence in any connecting the accused with the crime in that case, came from admittedly tainted sources. The main State witness admitted his commission of a burglary in which he implicated the accused. The only corroborating witness was under numerous felony indictments. In connection with the motion for new trial it was shown that both of said witnesses since the conviction of Chenault had pleaded guilty, one to eight burglary charges and the other to nine. Three witnesses made affidavits in support of the motion for new trial affirming that the main State witness had told them that he and a party other than Chenault had committed the burglary upon which the conviction was had. Under these circumstances we held the court should have granted a new

trial. The evidence was newly discovered and admissible. There was no question in the case as to the admissibility of a confession or unsworn statement of an outsider to the record and. manifestly the proposition was not in the mind of the court when we wrote. There is nothing in that case at all parallel to the instant case and what we said in that case was with reference only to the case then before us and cannot be used to support the contention of appellant in this case.

The motion for rehearing will be overruled.

*Overruled.*