# MAY, 1925.

## O. D. BOHANNON V. THE STATE.

No. 9006.    Delivered May 6, 1925.

Rehearing denied June 10, 1925.

**1.—Negligent Homicide—Charge of Court—Exceptions Not Considered.**

The record shows that the exceptions to the court's charge are not signed by the attorney for appellant, and are not signed by the trial judge, and hence cannot be considered.

**2.—Same—Charge of Court—Affirmative Defense—Not Raised by Evidence.**

Where an affirmative defense, presented in a special charge requested by the appellant, is not raised by the evidence, it should be refused. There is no evidence in this case that a man in a Ford automobile with one fender bent, and one light broken out of such car, struck and killed the deceased child.

**3.—Same—Evidence—Guilt of Another, May be Shown.**

The rule is well settled that the defendant is entitled to introduce evidence that another party or parties were in a position to have committed the offense and to prove a confession, where the State relies on circumstantial evidence for a conviction, such other person must be shown to have been in such proximity to the offense as to make it reasonably probable that he might have committed the same. Following Walsh v. State, 211 S. W. 243 and other cases cited.

**4.—Same—Continued.**

Under the rule, as above stated the court did not err in excluding the testimony of the witness Mrs. Cora Parsons because there was no showing that Alfred Goodwin was in such proximity to the offense at the time it was committed as would make it reasonably probable that he might have been guilty of the same.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippin, Judge.

Appeal from a conviction of negligent homicide; penalty, six months in the county jail.

The opinion states the case.

*Mays Chaney & Dailey,* for appellant.

*Shelby S. Cox,* District Attorney Dallas County, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Dallas County for the offense of negligent homicide and his punishment assessed at imprisonment in the county jail for a period of six months.

The record shows that the exceptions to the court's charge are not signed by the attorneys for appellant and are not signed by the trial judge, and hence can not be considered.

By bill No. 1 appellant complains of the action of the court in failing to give the following special charge:

"As a part of the law applicable to this cause, you are charged that if you find and believe from the evidence, or if you have a reasonable doubt thereof, that the person testified to by defendant which he met after the accident in the Ford automobile with one fender bent and one light broken out of said car if you do so find, killed or caused the death of said George Judy then you will acquit the defendant and so say by your verdict."

It is and has always been the rule in this State that if a defendant presents an affirmative defense it is the duty of the trial court to present this defense in an affirmative charge. Appellant seeks to invoke this rule in this case. The difficulty about it is that the facts do not bring the instant case within the rule. Appellant offered no affirmative defense. If there had been testimony in the record from appellant or from any of his witnesses that a party in a Ford automobile with one fender bent and one light broken out had killed the deceased, then an entirely different question might have been presented; but no such evidence is found in the record. On the contrary, no person other than the appellant saw any party in a Ford automobile as above described at or near the scene of the homicide, and appellant expressly states that he did not see any one run into or strike the deceased, and his testimony with reference to the stranger in the Ford automobile with the bent fender and broken light goes no further than to say that he met such a person coming from the direction of where the killing occurred on the highway. At best his testimony does no more than detail a suspicion that another person could have caused the injury. In our opinion this does not furnish that character of affirmative defense that calls for an affirmative charge presenting it. Under this record, every right that appellant had in this matter was fully protected by the court's charge on circumstantial evidence and by the following paragraph of his charge:

"Although you may find and believe beyond a reasonable doubt that at the time and place alleged in the indictment the child, George Judy, was struck and killed by an automobile and that the person driving said automibile did recklessly, negligently and carelessly strike and kill George Judy, yet, before you can convict the defendant, you must further find and believe from the evidence beyond a reasonable doubt that the defendant, O. D. Bohannan, was the driver of said car, and unless you do so find and believe beyond a reasonable doubt, you will acquit the defendant."

Appellant next complains of the action of the court in excluding the testimony of Mrs. Cora Parson.   By this witness appellant offered to prove that she knew Alfred Goodwin and that she recalled the accident which happened out on the Orphans' Home road involved in this case, and that she had a talk with Alfred Goodwin about the case, and that he told her that he had an accident out there, but did not know whether he hit the child or not, because he was drinking; that he said he did not know whether he hit the child or not, that he was there at the accident at the time, that the law was after him, and that he was going to leave town.   Appellant sought to introduce this testimony under the theory that the accused may show by any legitimate evidence that he was not guilty and that third parties were guilty.   Dubose v. State, 10 App. 230.

There is no doubt but that it has been the rule since the Dubose case that the defendant is entitled to introduce evidence that another party or parties were in position to have committed the offense and to prove a confession where the state relies alone on circumstances for a conviction.   Motive, threats, and other matters of that character are also admissible to show a reason why the others and not the defendant committed the offense.   See paragraph 3 of Sec. 336. Branch's Criminal Law, for authorities sustaining this contention. It is also true, however, and is well established by the authorities in this State, that before this character of testimony is admissible there must be some pertinent evidence showing that such other person was in such proximity to the offense as would make it reasonably probable that he might have been guilty of the same. Walsh v. State, 211 S. W. 243; McInturf v. State, 20 App. 355; Young v. State, 49 Tex. C. R. 212; McCorquodale v State, 54 Tex. C. R. 354, 98 S. W. 879; Turman v State, 50 Tex. C. R. 10, 95 S. W. 533; Henard v. State, 47 Tex. C. R. 172, 82 S. W. 655; Porch v. State, 99 S. W. 102; Wallace v. State, 46 Tex. C. R. 349, 81 S. W. 966.

Under the rule as above stated, the court did not err in excluding the testimony of the witness Mrs. Cora Parson, because there was no showing made that Alfred Goodwin was in such proximity to the offense at the time it was committed as would make it reasonably probable that he might have been guilty of the same.

We have carefully examined the facts in this case, and conclude that they are amply sufficient; and, finding no error in the record, it is our opinion that the case should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the appellant's motion for rehearing. The complaints of the procedure embraced in the motion were fully considered in the original hearing, and in our opinion, a proper disposition of them was there made.

The motion is overruled.

*Overruled.*