## ELMER KNIGHT V. THE STATE.

### No. 9697.   Delivered January 20, 1926.

#### Rehearing denied March 10, 1926.

1.—Possessing Intoxicating Liquor—Charge of Court—On Principal— Harmless, if Error.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the evidence of the state, uncontradicted, showed appellant in possession of and as selling a pint of alcohol to prosecuting witness, one Engram being present with appellant at the time, the charge on principals given by the court was perhaps not warranted by the evidence, but we are unable to discover in what manner this charge, under the facts in this case, could have prejudiced the rights of appellant, and the case cannot be reversed on this ground. Following Robinson v. State 37 Tex. Crim. Rep. 195. Also see Vernon's C. C. P. Art. 743, new Art. 666, Rev. Stats. 1926.

2.—Same—Evidence—"Medicinal Purposes"—Issue Not Raised.

Where, on a trial for possessing intoxicating liquor for purpose of sale, prosecuting witness testified that he told appellant that he was feeling bad and needed a stimulant, whereupon appellant refused to sell him a pint of alcohol for $4.50 but insisted on $5.00 which he paid to her, and received the pint of alcohol therefor, we cannot agree that this testimony raised the issue that appellant's possession of the pint of alcohol was for medicinal purposes, and there was no error in the refusal of the court to submit this issue in his charge.

ON REHEARING.

3.—Same—Requested Charge—Issue Not Raised—Properly Refused.

Where, on a trial for possessing intoxicating liquor for purpose of sale, appellant requested a charge that if she was the agent of the purchaser she could not be convicted, was properly refused. It is well settled that it is not incumbent on the trial court to submit any defensive issue, not raised by the evidence in the case, and there being not the slightest

evidence from any source that appellant was acting as agent of anyone excepting herself, the motion for rehearing is overruled.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Umphries, Mood & Clayton,* and *Eckhardt & Turpin* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of intoxicating liquor and the punishment is confinement in the penitentiary for one year.

The evidence is amply sufficient to support the verdict, if the state's testimony is true. The appellant offered no testimony in her behalf. The state's case shows that the prosecuting witness went to the place where appellant was rooming and advised that he wished to buy some liquor, and after some discussion with her, she went out and procured a pint of alcohol and delivered it to the appellant for a consideration in money. The undisputed proof shows at the time she delivered the alcohol to the appellant she was in company with one Jack Ingman.

Appellant has filed a very able and vigorous brief in which she attacks the court's charge on principals. It is contended by the appellant that the court erred in his charge submitting the laws of principals. If it be conceded that her criticism is justified it would by no means follow in this case that this constitutes reversible error. If appellant possessed the alcohol for the purpose of sale there is no question but that she was actually present and in actual physical possession of it at the time. In fact, she is the identical party whom the proof shows made the sale **and, therefore, neces**sarily possessed the liquor for the purpose of sale. Just how under these facts a supposedly erroneous charge submitting the theory that she could be guilty as a principal if her com-

panion Ingman was in possession of the liquor, she being present and knowing his unlawful intent and aiding him in the possession, could have in any manner prejudiced her rights is not apparent to us. We would not be authorized to reverse the case on this ground. Art. 743, Vernon's C. C. P., Robinson v. State, 37 Tex. Crim. Rep. 195; 39 S. W. 107.

Appellant also contends that because the prosecuting witness told the appellant when he sought to buy the liquor that he wasn't feeling well, that therefore the court should have submitted a charge on the theory that if she possessed the liquor for medicinal purposes she should be acquitted. Her counsel very vigorously contend that it was the duty of the court to submit this as an affirmative defense. There is no question but that it is and has always been the rule in this State that if the evidence presents an affirmative defense it is the duty of the trial court to present this affirmative defense in an affirmative charge. Bohannon v. State, 273 S. W. 262. See notes under Par. 1, Art. 735, Vernon's C. C. P. The rule has been also well stated by Justice Roberts in Bishop v. State, 43 Texas, 390, as follows:

"When the evidence tends sufficiently to the establishment of a defense or mitigation of the offense charged as to reasonably require a charge as applicable, is a question of sound judgment, to be exercised by the district judge, in the first instance and afterwards by this court on appeal."

If its force is deemed to be very weak, trivial, light, and its application remote, the court is not required to give a charge upon it." Elam v. State, 16 Tex. Crim. App., 39.

We think it clear under the facts in this case that if the evidence raised the issue at all, that the appellant possessed the liquor in question for medicinal purposes, that it is so weak, trivial, light, and its application so remote as to not render it reasonably probable that the jury would, if the law applicable thereto had been charged, have been influenced thereby. As above stated, the only suggestion in this record touching this matter is the statement of the prosecuting witness to the effect that he told the appellant that he was feeling bad and needed a simulant. There is no suggestion that there is any such relation between appellant and the prosecuting witness as to justify the belief that on this mere suggestion she got up and left her home, went out and procured a pint of alcohol and sold it to him for the sum of $5.00 after refusing to take $4.50 therefor, simply because she thought

this act on her part might be conducive to the restoration of the health of the prosecuting witness.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a forcible motion and argument appellant urges that the refusal of the special charges to the effect that if she was agent of the purchaser and not of the seller she could not be convicted herein, was error. Appellant was convicted for possessing intoxicating liquor for the purpose of sale. The prosecuting witness testified positively that he bought such liquor from her. No person, known or unknown, save appellant and her co-defendant Ingman, are referred to in this record in connection with the sale or possession of said liquor. That appellant had the liquor, and that she delivered same to McCormick, the alleged purchaser, and that he paid her $5.00 for it, are without dispute in the record.

The cases cited by appellant are those in which conviction was had for selling intoxicating liquor. In this case she did not testify, nor did Ingman, nor anyone else for the defense. The fact that she went away from her house to some other place and got the liquor, telling McCormick to meet her at a named place—in nowise combats the proposition that she possessed intoxicating liquor for sale. When she came to the place named, with the bottle of liquor, she had an argument with McCormick as to the price but made no suggestion that she was acting for McCormick or had bought it from anyone else or that she had paid $5.00 or any other price for it. Referring to the $4.50 offered her by McCormick for the liquor, he testified that she said, "No, I can't take it. I have to have $5.00." McCormick swore: "I bought that whiskey from this girl, whatever her name is, one of the defendants over there."

We think the evidence does not sufficiently raise the issue of agency to make refusal of a special charge on that issue erroneous.

Being unable to agree with any of the contentions made by appellant, her motion for rehearing will be overruled.

*Overruled.*