### Will Henderson v. The State.

No. 9745. Delivered February 17, 1926.

Rehearing denied March 24, 1926.

1.—Possessing Intoxicating Liquor — Agreement of Immunity—Not Enforceable.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, appellant filed a motion to abate the suit because the county attorney who was in office when the indictment was returned had agreed with appellant that he would dismiss the prosecution in consideration of appellant giving the officers of Harrison County information of other violations of law.

2.—Same—Continued.

We think this was not such a contract as was enforceable. He merely promised to give information in his possession about violations of the law which were not in any wise connected with the offense for which he was indicted. Nor is it shown that any agreement which was made between him and the county attorney was ratified by the court. The motion was properly overruled. Following Cameron v. State, 22 S. W. 682.

3.—Same—Evidence—Hearsay—Properly Excluded.

Where appellant offered to prove by two witnesses that Bob Hawkins, who lived near to appellant, had told them that he had some whiskey

at his house, such testimony was properly excluded. Such testimony was hearsay and immaterial, and did not in any manner show or tend to show that appellant did not possess the whiskey found on the premises under his control.

#### 4.—Same—Requested Charge—On Weight of Evidence—Properly Refused.

Where, on a trial for possessing intoxicating liquor for purpose of sale, the court properly refused a requested charge of appellant that proof alone of the fact that the liquor in question was found on premises belonging to and occupied by defendant is not sufficient to justify a conviction and was no presumption of guilt, because this charge was on the weight of the evidence, and did not correctly state the law.

ON REHEARING

#### 5.—Same—Evidence—Properly Excluded.

On rehearing we are unable to agree with appellant that the trial court erred in excluding the testimony of two witnesses that Hawkins, who lived next door to appellant, stated to them that he had whiskey at his house. In order to make testimony of this character admissible, it is not sufficient for it to merely show that some other party may have been guilty of a similar offense. It must go further and show or tend to show the innocence of the party on trial. Distinguishing Dubose v. State, 10 Tex. Crim. App. 230, and Beckham v. State, 276 S. W. 241.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor, for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*F. M. Scott* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is possession of intoxicating liquor and the punishment is confinement in the penitentiary for one year.

The appellant filed a plea in the lower court asking that the prosecution be abated. The substance of this plea was that the county attorney who was in office when the indictment was returned had agreed with the appellant that he would dismiss this prosecution in consideration of appellant giving the officers of Harrison County information concerning other violations of the law. We think this was not such a contract as is enforceable. The record clearly shows that appellant promised nothing and did nothing that he was not under obligation as a law abiding citizen to do in any event. The record discloses that he

merely promised to give information in his possession about violations of the law which were not in any wise connected with the offense with which he was under indictment. Again the record fails to show that any agreement that was made between him and the county attorney was ratified by the Court. Cameron v. State, 22 S. W. 682.

Complaint is made at the court's action in refusing to permit the appellant to prove by the witness Hatley and the witness Jackson that Bob Hawkins told them that he had some whiskey at his house. Appellant contends that as the witness Hawkins lived very close to the appellant and as the liquor in question was found on premises of the appellant but very near the premises of Hawkins that this testimony was admissible as a circumstance to show that Hawkins and not the appellant possessed the whiskey. This contention is without merit. This testimony was hearsay and immaterial. If Hawkins had whiskey at his house we fail to see how this in any manner showed or tended to show that appellant did not possess the whiskey found on the premises under his control.

The evidence in the case is amply sufficient to support the judgment and we think it clear that the court did not err in refusing to give appellant's special instruction No. 2 to the effect that proof alone of the fact that the liquor in question was found by the officers on premises belonging to and occupied by the defendant is not sufficient to justify a conviction of the defendant and no presumption of guilt arises from this fact. This charge was on the weight of the testimony and was properly refused.

The appellant raises here for the first time the proposition that as no search warrant was issued for the search of the appellant's premises in this case that the case should therefore be reversed as the record discloses that his premises were searched and the liquor found thereon. This case was tried on the 26th day of May 1925, and the present search and seizure law did not become effective until June 18, 1925. This complaint is without merit. Bailey Harrison v. State, Decided January 20, 1926.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING

BERRY, JUDGE.—Appellant earnestly contends that we were in error in holding that the proffered testimony of the witnesses Hatley and Jackson to the effect that Bob Hawkins told them he had some whiskey at his home was properly excluded. We are fully aware of the rule announced in the case of Dubose v. State, 10 Tex. Crim. App. 230 and followed in many cases since that time and as late as the case of Beckham v. State, 276 S. W. 241. The principle discussed in the Dubose case was considered by this court. We have no disposition to vary from or criticise the rule announced in the Dubose case, supra, and other cases following it. Our holding in this case is that the facts do not bring it within the rule laid down in the Dubose case. The bill of exceptions complaining at the exclusion of the testimony in this case simply shows that Hawkins lived next door to the appellant. The bill further shows that Hawkins told the witnesses that he had some whiskey at his house, and that he did not say where the whiskey was in his house but just said that it was over at his house.

The state's testimony in this case shows that the liquor found on appellant's premises amounted to three gallons. The officer testified that he found one two-gallon jug sitting in the corner by a chicken house with an ice cream freezer container turned over it and that another gallon was in a jug that was found in a hole with a piece of tin over it. The last gallon was in a little lot back of the appellant's house. We think that before the testimony offered could have been admissible under the rule announced in the Dubose case, supra, it would have been necessary for the witness Hawkins to have stated that he possessed the whiskey that was found, or to have made statements that would have carried with it at least a reasonable inference to this effect. We think his statement to the witnesses Hatley and Jackson did neither.

The bill of exceptions is silent as to the distance even from Hawkins' house to the appellant's. The only thing it shows is that they lived next door to each other. Under this state of the record Hawkins might have had any amount of whiskey at his house and yet this circumstance would in no wise avail the appellant as showing that he did not have the whiskey found on his premises. We cannot lead ourselves to the conclusion that under any theory of the rule announced in the Dubose case, supra, and others, the appellant was entitled to make the proof offered. On the contrary, we think it was clearly immaterial.

The rule is clearly deducible from Judge Hurt's opinion in the Dubose case, supra, that if the facts show that more than one person participated in an unlawful venture, the evidence would possess no tendency to weaken the case as made by the state and should therefore be rejected. In order to make testimony of this character admissible it is not sufficient for it to merely show that some other party may have been guilty of a similar crime. It must go further and show or tend to show the innocence of the party on trial. This testimony has no such tendency and could have had none under the facts in this case.

Believing that the case was correctly disposed of in the original opinion the motion for rehearing is in all things overruled.

*Overruled.*

The forgoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.