## Curtis Earnest v. The State.

### No. 11746.   Delivered May 9, 1928.

**1.—Burglary—New Trial—Newly Discovered Evidence—Properly Refused.**

Where, on a trial for burglary, the appellant requested a new trial on account of the newly discovered evidence of two witnesses by whom he averred that he could prove that he was in their actual presence at the time of the burglary, at another and different place.   If this be true the appellant surely must have known of the testimony before his trial.   No diligence being shown and the motion for a new trial not being sworn to, it was properly refused.

**2.—Same—Evidence—Res Gestae—Properly Admitted.**

Where, on a trial for burglary, there was no error in permitting the state to prove the theft of property from the burglarized premises other than that mentioned in the indictment.   This was part of the res gestae of the offense and admissible.   See Kelly v. State, 31 Tex. Crim. App. 211; Hayes v. State, 36 Tex. Crim. Rep. 146, and Branch's P. C., Sec. 2347.

**3.—Same — Evidence — Declarations of Third Party — Hearsay — Properly Excluded.**

There was no error in refusing to permit appellant to prove a purported conversation between one John Earnest and Annie May Caruthers, in which said Earnest told the witness that he burglarized the house and took the property alleged to have been stolen in the indictment and that the appellant had nothing to do with it.   The evidence excluded was clearly hearsay.   See Dubose v. State, 10 Tex. Crim. App. 230, and Hodge v. State, 64 S. W. 242.

Appeal from the District Court of Archer County.   Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense burglary, penalty two years in the penitentiary.

Three bills of exception appear in the record.   The first raises the question of the error of the court in refusing a new trial for newly discovered evidence.   The affidavits of two witnesses appended to the motion for new trial show, among other things, that on the day of the alleged burglary, appellant was not out of sight of witnesses and was in their presence at such time.   Appellant must have known of these witnesses prior to the trial, as it is alleged he was not out of their sight on the

date of the burglary.   No diligence is shown, nor is the said motion sworn to by appellant.   The court's action was proper. West v. State, 2 Tex. Crim. App. 209; Branch's P. C., Sec. 195.

The second bill shows that a witness was permitted to testify to the theft of property from the burglarized premises other than the gun mentioned in the indictment.   This was part of the res gestae of the offense and admissible.   Kelley v. State, 31 Tex. Crim. Rep. 211; Hayes v. State, 36 Tex. Crim. Rep. 146; Branch's P. C., Sec. 2347.

The third bill relates to the exclusion by the court of a purported conversation between one John Earnest and Annie May Caruthers, in which the said Earnest told the witness, Annie May Caruthers, that he burglarized the house and took the property alleged to have been stolen in the indictment, and that the appellant had nothing to do with it.   This is the substance of all shown in the bill as error.   The excluded evidence was clearly hearsay.   Appellant has not brought himself within the rule laid down in Dubose v. State, 10 Tex. Crim. App. 230, and the many cases subsequently following this authority.   See also Hodge v. State, 64 S. W. 242.

Believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.