**BASSETT v. STATE.** (No. 12283.)

Court of Criminal Appeals of Texas.
June 12, 1929.

Rehearing Denied Oct. 16, 1929.

G. O. Crisp, of Kaufman, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

■ Bill of exceptions No. 1 complains of the rejection of the testimony of witness Knight, in effect, that on the morning of the day the officers found in an old house whisky, later said by them to have been claimed by appellant as his, a man known as Shorty came to witness and wanted to sell him some whisky, and was told by witness he was then busy but would buy some later that evening. In the late afternoon of said day, Shorty told witness he could not deliver said whisky because same had been found and taken in possession by officers. In support of the proposition that it was error to reject this testimony, appellant cites Dubose v. State, 10 Tex. App. 230, and Harrison v. State, 47 Tex. Cr. R. 393, 83 S. W. 699. The Dubose Case has been many times discussed and cited in opinions of this court. It seems needless for us to analyze same or discuss it further than to say the instant case was not one of circumstantial evidence, it being in testimony that when appellant was found with the whisky he said it was his. Taylor v. State, 87 Tex. Cr. R. 338, 221 S. W. 611. The testimony of Knight, under the circumstances, was but hearsay. Earnest v. State, 109 Tex. Cr. R. 588, 6 S.W.(2d) 756. Nothing in the proposed testimony would have exculpated appellant.

Henderson v. State, 103 Tex. Cr. R. 502, 281 S. W. 557.

■ There was no error in letting the sheriff testify, in explaining his efforts to locate appellant after indictment, that he sent a capias to Houston and it was reported to him appellant had been there but had gone. Appellant swore the same thing himself, viz., that he worked awhile in Houston and then went to Big Springs, where he was arrested. The other bill was to argument of the county attorney, and as qualified by the trial court shows no error.

The judgment is affirmed.

### On Motion for Rehearing.

HAWKINS, J. ■ Appellant urges that we should have sustained his criticism of paragraph 4 of the court's charge explaining what was meant by the term "prima facie evidence." Considering the instruction in its entirety, it is doubtful if the criticism is well founded. However, the exception to the charge does not conform to the requirements of article 658, Code Cr. Proc. 1925. No written objections are found in the transcript, and the bill seeking to bring the point forward fails to show that any such written objection was made. Many cases are collated in note 89, under article 658, Vernon's Cr. St., vol. 2, Code Cr. Proc. 1925.

Further supporting the holding in our original opinion that the court committed no error in excluding the proffered evidence of the witness Knight, the case of Stone v. State, 98 Tex. Cr. R. 364, 265 S. W. 900, is cited, in which the subject was exhaustively reviewed, many cases referred to, and the announcement in Blocker's Case, 55 Tex. Cr. R. 30, 114 S. W. 814, 131 Am. St. Rep. 772, reaffirmed. See also Staton v. State, 93 Tex. Cr. R. 356, 248 S. W. 356; McDowell v. State, 96 Tex. Cr. R. 512, 258 S. W. 186; Bohannon v. State, 100 Tex. Cr. R. 285, 273 S. W. 262; Wise v. State, 101 Tex. Cr. R. 58, 273 S. W. 850; Powers v. State (Tex. Cr. App.) 18 S.W. (2d) 631.

■ The sheriff of Kaufman county should not have been permitted to testify that the sheriff in Houston said he could not find appellant in Harris county. It was hearsay and should have been excluded, but in view of the fact that appellant himself testified that he worked in Houston and went from there to Big Springs, the hearsay testimony seems harmless.

The motion for rehearing is overruled.