P. M. WILLIAMS V. THE STATE.

No. 12944.   Delivered April 23, 1930.
Reported in 27 S. W. (2d) 226.

The opinion states the case.

*Robert F. Peden* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—The offense is aggravated assault, the penalty six months in the county jail and a fine of $100.00.

In a difficulty the injured party is shown to have been beaten over the head and to have been stabbed in the stomach with a knife. The wound in the stomach was shown to have been of a rather serious character.   The substance of appellant's testimony was that he had lost a dog; that the conduct and conversations of the injured party were such as to cause him to believe that he had had some connection with the disappearance of this animal.   This brought on a difficulty in which the injured party was the aggressor and in which the wound in the stomach was accidentally inflicted; that thereafter the injured party promised to take him to his dog and they got in a car and left the appellant's place of business together for that purpose.   This was denied by the injured party.   This gives a suffi-

cient background, we think, for a discussion of the legal questions which follow.

Newly discovered evidence is claimed in a motion for new trial to the effect that a witness, Rathburn, was present when the offense is alleged to have occurred and saw Williams and another ·man leave the store, Williams with a hammer in his hand, and the other man with blood on his head, face and shirt. "They got into a sedan and drove towards Houston." It is further averred "that the defendant used reasonable diligence in preparing his case for trial and in discovering said testimony." The specific diligence used by appellant and his counsel is nowhere alleged. Nor is it alleged that these facts were unknown to appellant's counsel. If appellant or his counsel interviewed all known by-standers who saw the difficulty, the presence of this witness at the scene of the difficulty might have been discovered. The appellant contents himself with the statement that he used "reasonable diligence," which is but a conclusion. Just what he and his counsel did towards discovering this should have in some way been averred. This question is governed by the following rule:

"To warrant a new trial on the ground that new testimony has been discovered since the trial it is incumbent on defendant to satisfy the court that the new testimony has come to his knowledge since the trial and that it was not known beforehand, and it must be such as reasonable diligence could not have secured at the former trial; it must be competent, material to the issue, and probably true, going to the merits and not merely cumulative or collateral nor merely to impeach a former witness; and it must appear that it is reasonably probable that it will change the result. West v. State, 2 Texas Crim. App. 209. Terry v. State, 3 Texas Crim. App. 236. Duval v. State, 8 Texas Crim. App. 370. Burton v. State, 9 Texas Crim. App. 605. White v. State, 10 Texas Crim. App. 167. Fisher v. State, 30 Texas Crim. App. 509; 18 S. W. 90. Price v. State, 36 Texas Crim. Rep. 403; 37 S. W. 743. O'Hara v. State, 57 Texas Crim. Rep. 577; 124 S. W. 95. Haley v. State, 59 Texas Crim. Rep. 338; 128 S. W. 1133. Gray v. State, 144 S. W. 284. Ferguson v. State, 147 S. W. 239. Green v. State, 147 S. W. 592. McGaughey v. State, 169 S. W. 289." Branch's P. C., p. 124.

Measured by this appellant's showing is insufficient. The newly discovered evidence was largely cumulative and it is not reasonably probable that the presence of this testimony would have changed the result of the trial.

Bill No. 5 complains of the admission of certain statements of appellant while he was under arrest. The appellant has accepted and filed this bill with a qualification of the trial judge appended thereto that in his opinion the evidence showed appellant was not under arrest. We are bound by this qualification. Besides, appellant's bill fails to show as a fact that appellant was under arrest as claimed by him, such fact appearing only as an objection. This fails to show error. Branch's P. C., Sec. 209.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.