Horace CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 37634.

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied April 28, 1965.

Second Motion for Rehearing Denied
June 2, 1965.

Bliss Daffan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Ruben W. Hope, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Our opinion affirming the conviction is withdrawn.

The offense is aggravated assault; the punishment, two years in jail and a fine of $500.

The complaint and information alleged that David L. Cain and Horace Carter (appellant) committed the assault upon Robert Brooks. Severance was granted and Cain testified as a witness for the state.

The evidence shows that, following an argument between appellant and Brooks in a tavern, which resulted in their being asked to leave, Brooks was assaulted on the outside of the tavern and serious bodily injuries were inflicted upon him.

The state's evidence was to the effect that appellant inflicted the injuries upon Brooks with a hammer, as alleged in the information.

Appellant's testimony was that Cain inflicted the injuries with a pipe or stick. He denied that he hit Brooks or that he had anything to hit him with.

All of the evidence shows that only Brooks, Cain and appellant (Carter) were present when the assault was committed.

In his amended motion for new trial appellant alleged newly discovered evidence and attached thereto affidavits of Norman Westmoreland and Joyce Pickett, to the effect that about 10:30 (which was some 2½ hours after the assault) David L. Cain told them "I just hit a man in the head with a hammer," and when asked who he had hit, said "Brooks—you know Brooks."

The trial judge overruled the amended motion for new trial without hearing, though the allegations as to newly discovered evidence were not controverted.

Appellant's bill of exception complaining of the overruling of his motion on the ground of newly discovered evidence was refused by the court who assigned as reason that the defendant did not show diligence in obtaining the testimony of Westmoreland, and stating that the official papers in the case "reveal that Norman Westmoreland was subpoenaed in this case at earlier settings on January 20, 1964 and March 23, 1964."

The trial judge's order of refusal also states that the testimony of Westmoreland would not have been admissible as original evidence.

Bystanders bills were filed by the defense and by the state, the principal difference being that the defendant's witnesses swore that Norman Westmoreland "was not subpoenaed to appear and testify at a setting of said cause on January 20 or March 23, 1964," whereas the controverting affiants swore "that two subpoenaes were issued upon application by the defense for Norman Westmoreland as a witness at earlier settings of the case on January 20, 1964 and March 23, 1964."

Had the state controverted the allegations of the motion for new trial as to the newly discovered evidence the court would have been in position to pass upon the contention of the appellant that subpoenas were issued for Westmoreland upon application of counsel for *Cain,* to testify for *Cain* at his trial, and that appellant did not know and had no reason to believe that Cain had confessed to Westmoreland that he and not appellant inflicted the injuries upon Brooks.

■ The trial court was in error in overruling appellant's motion for new trial without hearing evidence on the allegations of newly discovered evidence.

■ Also, the trial court was in error in concluding that the newly discovered evidence to the effect that Cain had confessed that he alone committed the assault would not have been admissible as original evidence for the defendant. Harrison v. State, 47 Tex.Cr.R. 393, 83 S.W. 699; Du Bose v. State, 10 Tex.App. 230; Blocker v. State, 55 Tex.Cr.R. 30, 114 S.W. 814; Chenault v. State, 83 Tex.Cr.R. 104, 201 S.W. 657.

We note, in this connection, that the newly discovered evidence was consistent with the testimony of the injured party, Brooks, given at the examining trial, that Cain committed the assault.

Appellant's motion for rehearing is granted, the order affirming the conviction is set aside and the judgment is now reversed and the cause remanded.

ON MOTION FOR REHEARING

MORRISON, Judge.

The State challenges our consideration of the bystanders bill of exception on the grounds that one of the affiants thereto was not an uninterested looker-on.

■ We are not authorized to compare the signature on an appearance bond appearing in a supplemental transcript filed

by the State since the rendition of our original opinion and to conclude that it was executed by the same person who signed appellant's bystanders bill of exception as a compurgator.

State's motion for rehearing is overruled.